HARMON & SEIDMAN LLC
CHRISTOPHER SEIDMAN (SBN: 98884)
101 S Third Street, Suite 265
Grand Junction, CO 81501
Tel:  (970) 245-9075
Fax:  (970) 245-8086
Email:  chris@harmonseidman.com
ALEX RICE KERR (SBN: 264821)
219 Vicksburg Street
San Francisco, CA 94114
Tel: (415) 230-4760
Email:  alex@harmonseidman.com
Attorneys for Plaintiff
MINDEN PICTURES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINDEN PICTURES, INC.,<br>a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HOUGHTON MIFFLIN<br>HARCOURT PUBLISHING<br>COMPANY, and<br>R.R. DONNELLEY & SONS<br>COMPANY,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES,<br>INJUNCTION, AND IMPOUNDMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Minden Pictures, Inc. ("Minden Pictures") for its Complaint against Defendants Houghton Mifflin Harcourt Publishing Company ("HMH") and R.R. Donnelley & Sons Company ("Donnelley") alleges:

1

**STATEMENT OF ACTION**

1.      This is an action for copyright infringement and fraud brought by Plaintiff Minden Pictures, the holder of copyrights to the photographs described hereafter and originally licensed for limited use by Defendant HMH, against Defendants for unauthorized and impermissible uses of Minden Pictures photographs without its authority or permission.

**JURISDICTION AND VENUE**

2.      This is an action for impoundment, injunctive relief, statutory damages, monetary damages, punitive damages, and interest under the copyright laws of the United States and California common law.

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

**PARTIES**

5.      Minden Pictures is a California stock photography agency engaged in licensing photographic images to publishers, including HMH.

6.      Defendant HMH is a publisher of educational textbooks, with its primary office in Boston, Massachusetts.   At all times pertinent to the allegations herein, HMH acted through its agents, imprints and divisions. HMH sells and distributes textbooks in California and throughout the United States, including the publications in suit and ancillary materials, in which Minden Pictures photographs are unlawfully reproduced.

7.      Defendant Donnelley is the world's premier full-service printer with its global headquarters in Chicago, Illinois.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FACTS COMMON TO ALL COUNTS**

8.     Minden Pictures is a copyright owner of each of the attached photographic images ("Photographs"), whose registration status with the United States Copyright Office is set forth in Exhibit 1 (for filing divided into 1A through 1H).

9.     Between 1996 and 2009, Minden Pictures sold HMH limited licenses to use copies of the Photographs in numerous educational publications.  The permissions Minden Pictures granted HMH were expressly limited by number of copies, distribution area, language, size and duration as set forth in Exhibit 1.

10.     Minden Pictures granted the limited use licenses in response to HMH's representations to Minden Pictures that the use of the Photographs would not exceed the limitations contained in HMH's permission requests (for examples, see Exhibits 2, 3, 4, 5, 6, 7, and 8), which set forth the identity of the persons making the misrepresentations, the time, place and content of the misrepresentations, and the method by which the misrepresentations were communicated to Minden Pictures.

11.     Upon information and belief, at the time HMH represented to Minden Pictures that it needed specified, limited permission to use the Photographs identified in Exhibits 2, 3, 4, 5, 6, 7, and 8, HMH knew its actual use under the licenses would exceed the permission it was requesting and paying for.

12.     Upon information and belief, HMH intended by its misrepresentations to obtain access to the Photographs identified in Exhibits 2, 3, 4, 5, 6, 7, and 8 at a lower cost than it would have paid had it been

honest in its dealings with Minden Pictures and to conceal the copyright infringements that followed.  HMH's false and misleading representations deceived Minden Pictures, and concealed the copyright infringements that followed.

13.    Minden Pictures relied to its detriment on the truthfulness of the express limitations contained in HMH's license solicitations in establishing its license fees.

14.    Upon information and belief, HMH exceeded the permitted uses under the terms of the limited licenses granted by Minden Pictures.

15.    When HMH used the Photographs identified in Exhibits 2, 3, 4, 5, 6, 7, and 8 without authorization, HMH had a duty in equity and good conscience to disclose those uses to Minden Pictures. This is especially so because HMH knew precisely when its use of the Photographs identified in Exhibits 2, 3, 4, 5, 6, 7, and 8 exceeded the applicable license limitations, but Minden Pictures had no such knowledge nor any reason to assume HMH was being deceitful in the uses it was making of the Photographs identified in Exhibits 2, 3, 4, 5, 6, 7, and 8.  HMH never disclosed its unauthorized uses to Minden Pictures or sought additional permission to use the Photographs.

16.    HMH's fraud was effective and worked as intended.  For years the infringements that followed HMH's fraud were concealed.  But for Minden Pictures' fortuitous discovery of HMH's fraudulent acts, HMH's infringements would still be concealed, as HMH intended.

17.    In 2009, Minden Pictures, for the first time, had reason to suspect HMH was using the Photographs in unlicensed, unauthorized, and uncompensated ways in the publications in suit.

18.    Upon information and belief, HMH's practice of under-licensing

extended far beyond the publications in Exhibit 1. This practice extended to thousands of visual art licenses in hundreds of other HMH publications. While the lost licensing fee from any individual license is relatively small, millions of infringing textbooks have sold, generating billions in revenue and profits. HMH's business model, built upon a foundation of pervasive fraud, deprived Minden Pictures and thousands of other visual art licensors their rightful compensation and unjustly enriched HMH with outlandish profits in the process.

19.    Upon information and belief, Donnelley was one of the printers of the publications in suit, and it printed copies in excess of the licenses granted by Minden Pictures. Donnelley earned profits from such printings.

## COUNT I

## COPYRIGHT INFRINGEMENT AGAINST HMH

20.    Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

21.    The foregoing acts of HMH constitute infringements of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. § 501 *et seq*.

22.    Plaintiff suffered damages as a result of HMH's unauthorized use of the Photographs.

## COUNT II

## FRAUD AGAINST HMH

23.    Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

24.    The foregoing acts of HMH constitute common-law fraud with respect to the photographs identified in Exhibits 2, 3, 4, 5, 6, 7, and 8.

25.     Plaintiff suffered damages as a result of HMH's fraud.

## COUNT III

## COPYRIGHT INFRINGEMENT AGAINST DONNELLEY

26.     Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

27.     The foregoing acts of Donnelley in printing the publications in suit constitute infringements of Plaintiff's copyrights in the Photographs, in violation of 17 U.S.C. § 501 *et. seq.*

28.     Plaintiff suffered damages as a result of Donnelley's unauthorized printing of its Photographs.

**WHEREFORE**, Plaintiff requests the following:

1.     A preliminary and permanent injunction against Defendants and anyone working in concert with them from copying, displaying, distributing, or selling Plaintiff's Photographs described in this Complaint, as well as those not included in suit.

2.     As permitted under 17 U.S.C. § 503, impoundment of (a) all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights; (b) all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced; and (c) all records documenting the manufacture, sale, or receipt of things involved in violation of Plaintiff's exclusive copyrights, and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendants without Plaintiff's authorization.

3.     Actual damages and all profits derived from Defendants'

infringing use or, where applicable and at Plaintiff's election, statutory damages.

4.      Reasonable attorney's fees.

5.      Court costs, expert witness fees, interest and all other amounts authorized under law.

6.      Punitive damages against Defendant HMH.

7.      For such other and further relief as the Court deems just and proper.

DATED:  July 22, 2010.


                                        Plaintiff Minden Pictures, Inc.
                                        by its attorneys,

                                        s/ Christopher Seidman
                                        Christopher Seidman (SBN: 98884)
                                        Harmon & Seidman LLC
                                        PO Box 3207
                                        Grand Junction, CO 81502
                                        Telephone (970) 245-9075
                                        Fax (970) 245-8086
                                        Email: chris@harmonseidman.com

                                        Alex Rice Kerr (SBN: 264821)
                                        Harmon & Seidman LLC
                                        219 Vicksburg Street
                                        San Francisco, CA 94114
                                        Telephone (415) 230-4760
                                        Email:  alex@harmonseidman.com


                        **JURY TRIAL DEMAND**
        Plaintiff demands a trial by jury of all issues permitted by law.